IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TED E. WOLFRAM,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MICHAEL J. ASTRUE, Commissioner of<br>the Social Security Administration,<br><br>　　　　Defendant.<br>　　　　　　　　　　　　　　　　　／ | No. C 07-05432 WHA<br><br>**ORDER GRANTING COUNSEL'S<br>UNOPPOSED REQUEST FOR AN<br>AWARD OF ATTORNEY'S FEES<br>PURSUANT TO 42 U.S.C. 406(b)** |

In this social security appeal, Attorney Marc Kalagian, counsel for plaintiff Ted Wolfram, moves for an award of attorney's fees pursuant to 42 U.S.C. 406(b) in the amount of $25,000 (Dkt. No. 27). Neither Mr. Wolfram nor the government oppose the award (Dkt. No. 29). Upon payment of this award by the Commissioner, counsel also requests an order directing that $9,281.34 in Equal Access to Justice Act ("EAJA") fees that have been previously awarded to plaintiff's counsel be refunded directly to Mr. Wolfram pursuant to *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).

Attorney Kalagian represented Mr. Wolfram in his social security appeal, resulting in the Commissioner awarding $138,374 in retroactive benefits to his client following remand from the United States Court of Appeals for the Ninth Circuit (Kalagian Decl. ¶ 4, Exh. 3). Thereafter, the Ninth Circuit awarded Attorney Kalagian $9,281.34 in attorney's fees pursuant to the EAJA, 28 U.S.C. 2412(d)(1)(A), after reviewing counsel's documentation and confirming that "the hours expended and the costs and expenses were reasonable for the representation" (*see* Dkt. No. 32).

As the Supreme Court held in *Gisbrecht*, attorney's fees may be awarded under both 42 U.S.C. 406(b) and under the EAJA, but the claimant is entitled to a refund of the lesser fee award. *See Gisbrecht*, 535 U.S. at 789 ("Fee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee, up to the point the claimant receives 100 percent of the past-due benefits."). Since EAJA fees have already been awarded, the instant motion pertains solely to counsel's request for an award of fees under 42 U.S.C. 406(b). The relevant portion of this code section states:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, *not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment*, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. 406(b)(1)(A) (emphasis added).

This order finds that the attorney's fees requested by plaintiff's counsel are reasonable in light of the total past-due benefits awarded and the documentation provided in support of the instant motion. *First*, the requested fee is made pursuant to a contingency fee agreement between Mr. Wolfram and counsel. As noted by the Supreme Court in *Gisbrecht*, "[s]uch contracts are the most common fee arrangement between attorneys and Social Security claimants" and are not excluded by the language of 42 U.S.C. 406(b)(1)(A) (so long as the agreement does not authorize a fee in excess of 25 percent of past-due benefits received). *See Gisbrecht*, 535 U.S. at 800. Here, the $25,000 fee request by plaintiff's counsel — which constitutes 18 percent of the total past-due benefits awarded to Mr. Wolfram by the Commissioner — falls well below the 25 percent figure set forth in counsel's contingency fee agreement with the claimant, and is also well below the ceiling set by the governing statute.

*Second*, the factors identified in *Gisbrecht* to warrant a reduction of requested fees from the agreed-upon amount are properly reflected in the requested fee amount. Attorney's fees awarded under 42 U.S.C. 406(b)(1)(A) may be reduced from the amount authorized by a contingency fee agreement "based on the character of the representation and the results the

2

1  representative achieved." *Id*. at 808.  This includes a consideration of whether counsel's
2  performance was "substandard," whether there was "excessive delay" by counsel which resulted
3  in an undue accumulation of past-due benefits, and whether the requested fees are excessively
4  large in relation to the benefits achieved.  *See Crawford v. Astrue*, 586 F.3d 1142, 1151–52 (9th
5  Cir. 2009).  Here, there is no indication that counsel's performance was "substandard" or that
6  there was any undue delay so that past-due benefits could accumulate.  As for the "excessiveness"
7  of the fees in relation to the benefits achieved, counsel significantly reduced his requested fees
8  from the 25 percent authorized under the fee agreement.  Having reviewed the documentation
9  submitted by counsel, and considering the $6,000 administrative fee award already granted by the
10 Commissioner, this order finds that the requested $25,000 fee amount is both reasonable under
11 *Gisbrecht* and well below the 25 percent statutory cap.  *See id.* at 1153 (granting an award of fees
12 where the effective hourly rate for counsel far exceeded the rate in the instant case).

13       For these reasons, counsel's motion for an award of attorney's fees is **GRANTED**.  Counsel
14 is hereby awarded $25,000 in attorney's fees pursuant to 42 U.S.C. 406(b) and the Commissioner
15 of Social Security is directed to certify a fee of $25,000 payable to plaintiff's counsel, Rohlfing &
16 Kalagian, LLP, from plaintiff's withheld past-due benefits.  Upon payment of these funds,
17 Attorney Kalagian shall issue a refund to Mr. Wolfram in the amount of $9,281.34, which
18 represents the EAJA fees previously awarded to counsel in this action.  Once this refund has been
19 issued, Attorney Kalagian shall file a declaration with the Court certifying that this refund
20 payment has been made.

22       **IT IS SO ORDERED.**

24 Dated:  October 20, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3